UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

        Plaintiff,

v.                            Case No. 8:10-CV-2146-T-17MAP

MARK MASON and CLARISSE MASON,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This case emanates from a Securities and Exchange Commission enforcement action aimed at dealing with the aftermath of a massive Ponzi scheme perpetrated by Arthur Nadel, a hedge fund manager.[1] The receiver appointed in that action, Burton W. Wiand ("Wiand") has sued numerous hedge fund investors, like Mark and Clarisse Mason (hereinafter "the Masons"), demanding the return of their "false profits" under the same two theories: the Florida Uniform Fraudulent Transfer Act ("FUFTA"; *see* Fla. Stat. 726.101, *et seq.*) and unjust enrichment. The Masons, proceeding *pro se,* have filed a "response" to the complaint (doc. 14). This Court will construe the response as a motion to dismiss the complaint against it pursuant to Rule 12(b)(6). After consideration, I recommend the motion be denied for the reasons set forth below.[2]

---

[1] *See Secs. and Exch. Comm'n v. Arthur Nadel, et al.,* Case No. 8:09-cv-87-T-26TBM.

[2] Per 28 U.S.C. § 636 and Local Rule 6.01(b), the district judge referred these matters to me for a report and recommendation.

*A. Background*

On January 21, 2009, the district judge in the enforcement action appointed Wiand as the receiver for various entities in receivership and directed him, *inter alia*, to "institute such actions and legal proceedings, for the benefit and on behalf of the Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary…provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute[s] § 726.101, et seq. or otherwise, rescission and restitution…" *Secs. and Exch. Comm'n v. Nadel et al.*, No. 8:09-cv-87-T-26TBM, doc. 8 at 2-3.[3] Following those instructions, Wiand initiated this action on September 27, 2010, to recover money transferred to the Masons from one of the receivership entities, asserting claims under the FUFTA and for unjust enrichment/false profits.

The relevant details of the money transfers at issue are straightforward. In 2002, the Masons invested $25,000.00 in Traders Investment Club ("Traders") (doc. 1, Exhibit A). Thereafter, in 2004, and on October 7, 2005, the received distributions from its investments in the amount of $988.00 and $60,673.31 respectively (doc. 1, Exhibit A). The complaint seeks recovery of the false profits, $36,661.31, that the Masons received in excess of its investments.

*B. Rule 12(b)(6) standard*

The Federal Rules of Civil Procedure generally do not require a plaintiff to set out in detail the facts upon which he bases his claim. Instead, all that ordinarily is required is that the claimant set forth a "short and plain statement of his claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon

---

[3] The district court judge reappointed Wiand on June 3, 2009 (doc. 140).

which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss per Rule 12(b)(6), the complaint must allege sufficient facts, which are assumed to be true, to state a facially plausible claim, namely, one that allows the court to draw the reasonable inference that the defendant is liable for the misconduct averred. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

   C. Discussion

      1. *false profits*

The Masons do not challenge the legal sufficiency of the allegations. Instead, the Masons argue that the alleged false profits identified in the complaint are miscalculated because they re-invested the alleged false profits into Valhalla Investment Partners, L.P ("Valhalla") as part of a $55,000 deposit into Valhalla by the Mason Family LLLP. This argument fails primarily because on a motion to dismiss this Court's review is limited to the four corners of the complaint. *See Wilchombe v. Tee Vee Toons, Inc.,* 555 F.3d 949, 959 (11th Cir. 2009) quoting *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002) ("A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'").

      2. *cost of defending action*

The Masons claim that this case should be dismissed due to their resulting hardship defending it. They explain that this action has already caused unnecessary costs and disruption of life, and "[t]he receiver has not protected the defendants/ victims from incurring further financial loss in this process by requesting payment of a potentially unrecoverable 'false profits.'" In response, the Receiver indicates that it understands the burden imposed by this litigation, but

under principles of equity, is obliged to the Receivership Estate to treat similarly-situated investors in the same manner. The Receiver suggests that the appropriate procedure to handling instances where clawback defendants have documented hardships is not dismissal. Instead, the Receiver posits that an attempt to settle the action may be the appropriate course of action. The Receiver claims that he has already informed the Masons that, consistent with his practice in all clawback cases, he will consider their financial circumstances in trying to reach an amicable resolution of the case. In fact, the Receiver has requested the Masons to produce specified documents to support their contention of inability to pay the sum sought in the complaint, but to date, the Masons have not provided the requested documents or otherwise proven their inability to pay.

*D. Conclusion*

For the foregoing reasons, it is hereby

RECOMMENDED:

1. The Masons construed motion to dismiss complaint (doc. 14) be DENIED.

IT IS SO REPORTED at Tampa, Florida on March 1, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:   Hon. Elizabeth A. Kovachevich