UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

    Plaintiff,

vs.             Case No. 8:10-CV-2146-T- EAK-MAP

MARK MASON and CLARISSE MASON,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

  This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Mark A. Pizzo on December 17, 2012 (Doc. 71). The magistrate judge recommended that: 1) the Receiver's motion for partial summary judgment (Doc. 22) be granted to the extent that Nadel operated the hedge funds as a ponzi scheme at the time of the transfers to the Masons, and that the transfers to the Masons were made with the actual intent to hinder, delay, or defraud as required by Fla. Stat. § 726.105(1)(a); 2) though the transfers to the Masons are avoidable under FUFTA, the Masons should be given fourteen days to show cause why the Court should not award false profits in the amount of $36,661.31, and present any reasons why set-off is appropriate given the facts set forth regarding the related litigation and settlement set

forth by the Receiver in Doc. 69; 3) the Receiver's motion to strike report of Defendants' designated expert, Harold McFarland, and to Preclude His Testimony at Trial (Doc. 54) be denied; 4) the Masons' motion for summary judgment relating to statute of limitations (Doc. 48) be denied; 5) all pending motions be denied; and 6) the Clerk be directed to close the case.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had fourteen (14) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. Objections and responses to objections to the report and recommendation were filed (Docs. 73, 74, 76 and 77). The parties also filed responses to the order to show cause issued by the Magistrate Judge regarding set-off (Docs. 74 and 76).

**STANDARD OF REVIEW**

Under the Federal Magistrate's Act (the "Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. 28 U.S.C. § 636. A District Court Judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (i.e. R & R) for the disposition of motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1) also states that a judge of the court shall make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a <u>de</u> <u>novo</u> review of the record with respect to that factual issue.  28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990).  However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard.  **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

## DISCUSSION

A. Background

The Magistrate Judge filed an excellent Report and Recommendation, which this Court incorporates by reference.  Therein he outlined the basics of this cause.   He stated:

> This is one of many cases in this division emanating from a Securities Exchange Commission enforcement action aimed at dealing with the aftermath of a massive ponzi scheme perpetrated by Arthur Nadel, a hedge fund manager.  *See S.E.C. v. Arthur Nadel, et al.,* Case No.  8:09-cv-87-T-26TBM.  After the SEC's action and the appointment of Burton Wiand as the Receiver, Nadel pled guilty in the Southern District of New York to a fifteen count indictment charging him with securities fraud, mail fraud, and wire fraud surrounding the events precipitating the enforcement action.  The Receiver has sued numerous hedge fund investors, including Mark and Clarisse Mason ("the Masons"), seeking to claw back "false profits" under two theories grounded on the same illegal scheme the indictment tracks: avoidance of fraudulent transfers under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101,*et seq*. ("FUFTA"), and unjust enrichment.[1]  Currently, the Receiver moves for summary judgment on a precise but critical issue to the determination of this action – Nadel operated the hedge funds and Traders as a ponzi scheme during the distributions of "false profits" to the Masons (*see* doc. 22).  (R&R pgs. 1-2).

Further, the R&R concisely set out the question before the Court: "...the case-specific questions

---

[1] These types of cases are often called "clawback" actions.

should be: Did Nadel operate the hedge funds and Traders as ponzi scheme when he made the distributions to the Masons and if so, is the evidence so one-sided that the Receiver is entitled to summary judgment on this issue as a matter of law?" (R&R pg. 3).

The Receiver seeks judgment from this Court in the amount of $36,661.31, the amount of the alleged "false profits". The Magistrate Judge recommended that the Court allow the defendants to file further argument as to whether or not there should be a set-off on this amount. The defendants filed a response to the show cause order (Doc. 74) and the Receiver responded (Doc. 76). The defendants seek a set-off because they assert that the $36,661.31 was reinvested in another fund through the Mason Family LLLP and that the investments in the Mason Family LLLP was lost. But the Receiver counters that there was no loss in the Mason Family LLLP and that, in fact, the Mason Family LLLP was sued, settled, and agreed they received false profits of $253,274.71. The Court has to agree with the Receiver that the defendants have not established any right to a set-off in this case.
 The Magistrate Judge succinctly says:

> In the end, the operative guides are Rule 56(a), ©, and (e), and against these standards, the record overwhelming supports the Receiver's position that Nadel operated the hedge funds and Traders as a ponzi scheme at least by 2004, when the Masons received their first distribution.   (R&R pgs. 24).

B. Objections

The Receiver filed objections to the R&R (Doc. 73) only as to any recommendation of

the Magistrate Judge that the request for pre-judgment interest be denied.  The Receiver makes arguments not raised before the Magistrate Judge but the Court is not persuaded by those arguments.  The Court agrees with the Magistrate Judge in other reports and recommendations addressing the interest issue when he stated that:

> An award (of prejudgment interest), however, is grounded in equity and not absolute. *Blasland, Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1297-98 (11th Cir. 2002) (applying Florida law).  Florida courts apply various considerations when evaluating the equities: the extent the plaintiff's conduct contributed to the delay between the injury and judgment; whether the prevailing party failed to mitigate damages; in matters involving public bodies, and in choosing between innocent victims, it is inequitable to put the burden of paying interest on the public. *Id.*  The list is obviously illustrative as each case is different.  But the driving focus demands balancing the equities at hand.  As the Florida supreme court (sic) has said: "interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness.  It is denied when its exaction would be inequitable." *Flack v. Graham*, 461 So.2d 82, 84 (Fla. 1984) quoting *Board of Commissioners of Jackson County v. United States,* 308 U.S. 343, 352 (1939).  (Lee Defendants R&R pgs. 37-38).

The Court find that the equities support the denial of the request for prejudgment interest.

The Defendants filed objections to the report and recommendation (Doc. 74) and the Receiver responded thereto (Doc. 76).  The Defendants seek denial of the motion for summary judgment on three bases: 1) the money transferred to the defendant was not "property" of Nadel under Florida Uniform Fraudulent Transfer Act (FUFTA), Section 726.101, *et seq*, Fla. Stat.; 2) whether reasonably equivalent value is exchanged for a transfer is a "fact intensive question for the jury;" and 3) the judgment amount is incorrect and should be reduced. The Court finds the excellent analysis of the Report and Recommendation and the arguments of the Receiver persuasive on all of the issues raised in the objections of the defendants and incorporates them by reference herein.

The Court finds this case, along with the other Wiand cases, to be unfortunate all the way around. The people involved with Mr. Nadel and his schemes were many. Ms Yip opined that:

> ...Nadel, in combination with Christopher Moody and Neil Moody, raised $327 million from investors in connection with more than 700 investor accounts between May 1999 and January 2009. *See* Yip Decl. ¶¶ 47-48, March 23, 2012; Revisions to Yip Decl. ¶8, July 19, 2012... (R&R pg.11).

These people were injured and may never be made whole. The role of the Receiver in this case, and similar cases, is to "to bring suits under UFTA against ponzi scheme investors to the extent that investors have received payments in excess of the amounts invested and those payments are avoidable as fraudulent transfers. *Donell v. Kowell,* 533 F.3d 762, 770 (9th Cir. 2008) ('the policy justification is ratable distribution of remaining assets among all defrauded investors'). Hence, the innocent 'winners' in a ponzi scheme should not be permitted to 'enjoy an advantage over later investors sucked into the ponzi scheme who were not so lucky.' *Id.* citing *In re United Energy Corp.,* 944 F.2d 589, 596 (9th Cir. 1991)." (Lee Defendants R&R pgs. 9-10).

The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation. Accordingly, it is

**ORDERED** that the report and recommendation, December 13, 2012 (Doc. 71) be **adopted** and **incorporated by reference**; the objections of both parties (Docs. 73 and 74) be **overruled**; the Receiver's motion for partial summary judgment (Doc. 22) be **granted;** the Clerk

is **directed** to enter judgment for the Receiver and against the Mason Defendants in the amount of $36,661.31; the Receiver's motion to strike report of Defendants' designated expert, Harold McFarland, and to Preclude His Testimony at Trial (Doc. 54) be **denied**; the defendants' motion for summary judgment relating to statute of limitations (Doc. 48) be denied; and the Receiver's request for pre-judgment interest be **denied**.  The Clerk of Court is directed to close this case and to terminate any other pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 25th day of January, 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge